UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

CHARLES SONNENBLICK and MARK
SONNENBLICK,

                           Petitioners,

      -against-

CADARET, GRANT & CO., INC.,

                        Respondent.

------------------------------------------------------------ X

**ORDER CONFIRMING
ARBITRATION AWARD**

24 Civ. 9251 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Petitioners on December 5, 2024 filed a petition to vacate an arbitration award granted in favor of Respondents on September 5, 2024. They challenge the award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a). Respondent filed a cross-motion to confirm the arbitration award. For the reasons below, Petitioners' petition to vacate the award is denied and Respondent's motion to confirm it is granted.

       Petitioners Mark Sonnenblick and Charles Sonnenblick worked as registered representatives for Respondent Cadaret, Grant & Co., Inc. ("Cadaret") before each gave a notice of resignation on March 23, 2023. Hitchings Decl., Ex. 3, ECF No. 11. Mark Sonnenblick originally worked for Cadaret's predecessor, BNL Securities, beginning in November 1988, until BNL Securities merged into Cadaret. Petition to Vacate Arbitration Award ¶¶ 8-9, ECF No. 3. No signed representative agreement was identified for Mark Sonnenblick from the time that he joined BNL Securities, although it was standard practice at BNL Securities and in the industry for such an agreement to be signed between the parties with a ninety-day commission payment provision. *See* Hitchings Decl., Ex. 2, ECF No. 11. Cadaret argued that although no contract

with Mark Sonnenblick was located, he must have signed one given that it was BNL Securities' standard practice. Pet.'s Mot. To Confirm Arb. Award at 3, ECF No. 10. Charles Sonnenblick began working at Cadaret as an independent registered representative in December 2010, pursuant to a Securities Sales Agreement which also provided that, in the event of Charles Sonnenblick's voluntary departure, Cadaret would pay his commission for a period of ninety days following his departure. Hitchings Decl., Ex. 1, ECF No. 11.

Around the same time as they gave notice of their departure to Cadaret, Petitioners became registered representatives with LPL Financial LLC ("LPL"). Petition to Vacate Arbitration Award ¶¶ 12, 16, ECF No. 3. Cadaret paid them both their trails and commissions for ninety days before ceasing those payments. *Id.* at ¶¶ 13, 17-18. Petitioners, seeking continued commissions beyond ninety days, asserted a breach of contract claim and initiated an arbitration against Respondent in a Statement of Claim filed with the Financial Industry Regulatory Authority ("FINRA") on December 7, 2023. Hitchings Decl., Ex. 3, ECF No. 11. On August 28, 2024, FINRA conducted a single panel arbitration. Petition to Vacate Arbitration Award ¶ 39, ECF No. 3.

In arbitration, Petitioners argued that Cadaret owed them unpaid trails and commission payments beyond the first ninety days. *See* Hitchings Decl., Ex. 3, ECF No. 11. No contract so provided. Petitioners' contracts with their subsequent employer, LPL, were in a "Transition Assistance Package," which the arbitrator admitted into evidence. Petition to Vacate Arbitration Award ¶¶ 38, 47, ECF No. 3. The arbitrator issued an award without opinion denying Petitioners' claims on September 5, 2024. Hitchings Decl., Ex. 5, ECF No. 11.

"The role of a district court in reviewing an arbitration award is 'narrowly limited' and 'arbitration panel determinations are generally accorded great deference under the

[Federal Arbitration Act].'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103 (2d Cir. 2013) (citing *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir. 1997)). "[A] district court will enforce the award as long as 'there is a barely colorable justification for the outcome reached.'" *Id.* at 103-04 (citing *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008)). Arbitration awards challenged under Section 10(a) of the FAA are confirmed "unless the party seeking vacatur establishes any of the limited exceptions listed in § 10(a) of the FAA." *Id.* at 104. A court may also vacate an arbitration award when there was "manifest disregard" of the law. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).

Petitioners challenge the arbitration award under Section 10(a)(3), which allows for vacatur "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). Misconduct in evidentiary determinations under this provision is found only when there has been a denial of fundamental fairness. *Tempo Shain*, 120 F.3d at 20. And FINRA arbitrators are not bound by the Federal Rules of Evidence. FINRA Rule § 12604(a); *see also id.*

The arbitrator's decision to admit into evidence Petitioners' contracts with LPL, in the Transition Assistance Package, did not make the proceedings unfair. His decision was in accord with the evidence of no contractual basis for an entitlement to post-ninety days' commissions. The evidence before the arbitrator tended to show that that was the standard practice in the industry. The arbitrator did not manifestly disregard the law when finding that Petitioners were not entitled to further commission payments after the initial ninety day period.

3

Petitioners' petition to vacate the arbitration award is denied.  For the same reasons, Respondent's motion to confirm the arbitration award is granted.  *See L'Object, LLC v. Samy D. Ltd.*, 2011 WL 4528297, at *3 (S.D.N.Y. Sept. 29, 2011) ("Due to the parallel natures of a motion to vacate and a motion to confirm an arbitration award, denying the former implies granting the latter.").  The Clerk is directed to terminate the open motion, ECF No. 9, and close the case.

SO ORDERED.

Dated:      May 16, 2025
            New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge